**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION**

| | |
|---|---|
| **LEO ALLEN ODSTRCIL,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| vs. § | **Civil Action No. 1:08-CV-106-C** |
| § | **ECF** |
| § | |
| **MICHAEL J. ASTRUE,** § | |
| **Commissioner of Social Security,** § | |
| § | **Assigned to United States** |
| **Defendant.** § | **Magistrate Judge** |

**MEMORANDUM OPINION AND ORDER**

**THIS CASE** is before the court upon Plaintiff's complaint filed September 2, 2008, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's application for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act. Plaintiff filed a brief in support of his complaint on February 10, 2009, and Defendant filed a brief on March 10, 2008. The parties consented to having the United States magistrate judge conduct all further proceedings in this case on September 2, 2008 (Doc. 6), and December 1, 2008 (Doc. 19). This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision should be reversed and that this case should be remanded for further administrative proceedings.

**I. STATEMENT OF THE CASE**

Plaintiff filed an application for SSI benefits protectively on December 29, 2005, alleging disability beginning December 31, 2003. Tr. 12. Plaintiff's application was denied initially and upon reconsideration. Tr. 12, 50-54, 57-60. Plaintiff filed a Request for Hearing by Administrative

Law Judge on October 6, 2006, and this case came for hearing before the Administrative Law Judge ("ALJ") on January 10, 2008.  Tr. 12, 24-42, 61-62.  Plaintiff, represented by a non-attorney, testified in his own behalf.  Tr. 28-39.  Michael Driscoll, a vocational expert ("VE"), appeared and testified as well.  Tr. Tr. 39-41.  The ALJ issued a decision unfavorable to Plaintiff on February 26, 2008.  Tr. 9-23.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act.  He found that Plaintiff had not engaged in substantial gainful activity at any time since December 31, 2003.  Tr. 13.  Plaintiff has "severe" impairments, including impairment status-post myocardial infarction, coronary artery disease, impairment status-post coronary artery bypass surgery and multiple stent placement surgeries, chronic obstructive pulmonary disease, diabetes, hypertention, major depression, an anxiety disorder, and attention deficit and hyperactivity disorder.  *Id.*  Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1.  Tr. 14.  Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform his past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p.  Tr. 19.

The ALJ found that based on the evidence in the record, Plaintiff's statements concerning his impairments and their impact on his ability to work were not entirely credible.  Tr. 15. The ALJ found that Plaintiff could not return to his past relevant work as a delivery truck driver or a tank

truck driver. Tr. 21. He noted that Plaintiff was considered a "younger individual" with at least a high school education. 20 C.F.R. §§ 416.963, 416.964; Tr. 22.

The ALJ found that Plaintiff retained the RFC to perform, on a sustained basis, the requirements of light work activity, with the following limitations: occasional lifting/carrying 20 pounds or frequently lifting/carrying 10 pounds; sitting about 6 hours in an 8-hour workday, but must be able to periodically alternate sitting/standing to relieve pain or discomfort; no climbing ladders, scaffolds, or ropes; occasional balancing and frequent stooping, crouching, crawling or kneeling; no exposure to excessive heat, cold, fumes, odors, chemicals, and gases, and no working around hazardous moving machinery or unprotected heights. Tr. 14, 19. Having found that Plaintiff could not perform the full range of light work, the ALJ turned to the testimony of the VE in determining whether Plaintiff was capable of making a vocational adjustment to other work despite his severe impairments. Tr. 22-23. He relied upon the testimony of the VE who indicated that a hypothetical person of Plaintiff's age, with Plaintiff's RFC and vocational history, could perform work which exists in significant numbers in the national economy, including the jobs of small product assembler, with 5,100 jobs in Texas and 103,000 jobs nationally; storage facility rental clerk, with 2,300 jobs in Texas and 112,000 jobs nationally; and information clerk, with 3,800 jobs in Texas and 160,000 jobs nationally. *Id.* The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. Tr. 23.

Plaintiff submitted a Request for Review of Hearing Decision/Order on April 30, 2008. Tr. 6-8. After granting a 25-day extension, the Appeals Council denied Plaintiff's request and issued its opinion on July 1, 2008, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision. Tr. . The ALJ's decision, therefore, became the final decision of the Commissioner.

-3-

On September 2, 2008, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II.   STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States District Court. 42 U.S.C. § 405(g).  The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002).  The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity.  Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453.  In this case the ALJ found at step 5 that Plaintiff was not disabled because he retained the ability to perform work in the national economy.  Tr. 23.

### III.   DISCUSSION

Plaintiff claims that the ALJ's determination of Plaintiff's RFC is not supported by substantial evidence because the ALJ failed to find Plaintiff's left knee impairment severe; failed to include all limitations supported by the record; and failed to properly consider the report of the consulting physician.

**A.   Whether the ALJ erred by failing to find that Plaintiff had a knee impairment which was "severe."**

Plaintiff alleges that the ALJ erred by failing to find that Plaintiff had a knee impairment which was "severe" at step 2 of the sequential evaluation process.

Under the Social Security Regulations, the severity of an impairment or impairments is considered at the second step of the five-step sequential analysis. *See* 20 C.F.R. § 404.1520. A claimant must show that he or she has a severe medical impairment before the claimant can be determined disabled. 20 C.F.R. § 404.1520(a)(4)(ii). The regulations further provide that an impairment must significantly limit the person's ability to do basic work activities in order to be considered severe. 20 C.F.R. § 404.1520(c). Thus,

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, [the Commissioner] will find that you do not have a severe impairment and are, therefore, not disabled.

*Id.*

The Supreme Court held that this "severity regulation" is valid on its face and "is not inconsistent with the statutory definition of disability." *Bowen v. Yuckert,* 482 U.S. 137, 146, 154, 107 S.Ct. 2287, 2293, 2298 (1987).

The Fifth Circuit has considered the severity regulation, both before and after the Supreme Court's decision in *Bowen*. In *Stone v. Heckler,* the Court approved of an earlier construction of the severity regulation that set this standard for determining whether a claimant's impairment is severe:

> [A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.

752 F.2d 1109, 1101 (5th Cir. 1985) (quoting *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir. 1984)). In *Loza v. Apfel,* the Court held that the standard set forth in *Stone* remained the correct standard. 219 F.3d 378, 392 (5th Cir. 2000). However, the Commissioner may require a claimant to make a *de minimis* showing that his impairment is severe enough to interfere with his ability to do work under this standard. *Anthony v. Sullivan*, 954 F.2d 289, 293 n.5 (5th Cir. 1992). Thus, to meet the severity threshold in the Fifth Circuit, the claimant need only make a *de minimis* showing that his impairment is severe enough to interfere with his ability to do work. *Id*.

Plaintiff argues and the record indicates that the ALJ did not find that Plaintiff had a knee impairment and did not find that such impairment was severe. In his decision the ALJ noted that the consultative examiner, Dr. S. Daggubatti, opined that Plaintiff had arthritis of the left knee with functional impairment in squatting. Tr. 17, 250.

A physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The existence of an impairment does not in itself establish disability; a claimant is disabled only if he or she is "incapable of engaging in any substantial gainful activity." *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir. 1986).

In this case the consultative examiner opined that Plaintiff had arthritis of the left knee which impaired his ability to squat. The ALJ noted that Plaintiff reported pain in the left knee associated with stiffness, which increased with walking, bending, and climbing and which subsided with medication. Tr. 18. The ALJ noted that the consultative examiner found that Plaintiff had crepitus and mild limitation of motion of the left knee and could not squat. *Id.* The ALJ noted that Plaintiff

denied back or neck pain during his consultative examination, which was inconsistent with his testimony and allegations indicating that he was limited in part due to back pain. *Id*. The ALJ did not accept all of the limitations noted by Dr. Daggubatti. He indicated that he had given considerable weight to the opinions of the non-examining state agency medical consultants ("SAMCs") who review Plaintiff's case. *Id*.

The ALJ has the sole responsibility for determining a claimant's disability status and is free to reject the opinion of any physician when the evidence supports a contrary conclusion. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. Tex. 1995) (internal citations and quotation omitted). "The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (citing *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)). The task of weighing the evidence is the province of the ALJ. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The relative weight to be given these pieces of evidence is within the ALJ's discretion. *Id.*

The ALJ's opinion regarding the limitations imposed by Plaintiff's impairments indicates that he accorded greater weight to the opinions of the non-examining physicians, including the SAMCs, did not accept the opinion of the consultative examiner regarding the limitations imposed by Plaintiff's knee impairment, and did not find such impairment. The ALJ only indicated that he did not accept Dr. Daggubati's opinion regarding the limitations imposed by Plaintiff's impairments without indicating why Dr. Daggubati's opinion was not well-founded or supported by evidence in the record, beyond indicating that Plaintiff's subjective complaints were inconsistent. However, at step 2, Plaintiff need only make a *de minimis* showing that his impairment is severe enough to interfere with his ability to do work. Here, the opinion by Dr. Daggubati indicating that Plaintiff's ability to squat is limited by his knee impairment is sufficient to make such a showing.

In some recent cases, the Fifth Circuit has found no merit to claimants' arguments of ALJ error arising out of the failure to correctly apply or state the *Stone* standard where the sequential evaluation process proceeds past step 2.  *See Robinson v. Barnhart*, 183 Fed. Appx. 451,  2006 U.S. App. LEXIS 13680, *10 (5th Cir. June 2, 2006) (unpublished decision); *Reyes v. Sullivan*, 915 F.2d 151, 154 n.1 (5th Cir. 1990).  In this case the ALJ proceeded past the second step of the sequential evaluation process.

However, this line of cases does not end our inquiry in the instant case.  The possible error at issue is that a severity determination at step 2 must be considered in light of the ALJ's RFC finding, indicating that Plaintiff retained the ability to frequently crouch.

While this case proceeded to step 5, the ALJ's consideration of Plaintiff's knee impairment effectively ended at step 2 with the severity determination.  Thus, the ALJ did not incorporate any limitations into the RFC determination to reflect Plaintiff's knee impairment and in fact found that Plaintiff could frequently crouch, although Dr. Daggubatti opined that Plaintiff could not squat.  If the ALJ had properly evaluated Plaintiff's knee impairment at step 2 in making his severity finding and had properly explained his reasons for rejecting Dr. Daggubatti's opinion regarding the limitations imposed by Plaintiff's impairments,  he may have incorporated limitations into the RFC finding based on Plaintiff's ability or inability to crouch or squat.  The appropriate question is whether the alleged error at step 2 in this case was prejudicial.

A harmless error analysis applies to administrative failure to comply with a regulation.  *See Frank v. Barnhart,* 326 F.3d 618 622 (5th Cir. 2003).  Violation of a social security ruling merits remand only when a claimant affirmatively demonstrates prejudice.  *Hall v. Schweiker,* 660 F.2d 116, 119 (5th Cir. [Unit A] 1981).  The two concepts are closely related.  Prejudice is established by showing that additional evidence could have been produced and "that the additional evidence might have led to a different decision." *Newton,* 209 F.3d at 458.  An error is harmless unless there

is reason to think that a remand might lead to a different result. *Fisher v. Bowen,* 869 F.2d 1055, 1057 (7th Cir. 1989). As such, improprieties noted by Plaintiff will constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision. *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988).

Despite the scant evidence in the record regarding Plaintiff's knee impairment and any limitations imposed , the ALJ's error in making the severity determination is prejudicial in this case because the limitations which Plaintiff alleges were imposed by this impairment could have affected the RFC finding at step 3 and the identification of jobs at step 5 of the sequential evaluation process. Because of this error at step 2, both the RFC determination and the step 5 finding that Plaintiff can perform other work which exists in significant numbers in the national economy are suspect. The impropriety noted at step 2 casts into doubt the existence of substantial evidence to support the ALJ's decision. Thus, remand in this case is required.

The court finds that the ALJ's decision is not supported by substantial evidence in the record and that the error made by the ALJ in making his severity determination is prejudicial because this error casts into doubt both the RFC and the finding at step 5 that Plaintiff retains the RFC to perform other work which exists in significant numbers in the national economy.

Having found that the error at step 2 is prejudicial, this court does not reach the errors alleged by Plaintiff at step 3 and step 5 of the sequential evaluation process.

### IV.   CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, the court finds that the Commissioner's decision should be reversed and that this case should be remanded for further proceedings.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner denying Plaintiff's application for SSI benefits is **REVERSED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED**. Upon remand the ALJ should further consider whether Plaintiff's knee impairment is severe under the appropriate standard, what limitations, if any, are imposed by such impairment, and whether Plaintiff can perform other work which exists in significant numbers in the national economy.

A judgment in accordance with this decision shall be entered.

**SO ORDERED.**

DATED this 24th day of September, 2009.

_____
**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**